# United States Court of Appeals
## For the First Circuit

No. 06-1417

ITT FEDERAL SERVICES CORP.
and PACIFIC EMPLOYERS INSURANCE COMPANY,

Plaintiffs, Appellants,

v.

HARRY ANDUZE MONTAÑO, HIS WIFE
MARIA DOLORES FERNÓS, AND THEIR
RESPECTIVE CONJUGAL PARTNERSHIP,
NOELMA COLÓN CORDOVÉS, HER HUSBAND JOHN DOE,
AND THEIR RESPECTIVE CONJUGAL PARTNERSHIP,
"LMN" INSURANCE COMPANY, "XYZ" INSURANCE COMPANY,
"ABC" INSURANCE COMPANY, and "EFG" INSURANCE COMPANY,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
[Hon. Patti B. Saris, U.S. District Judge]

Before
Howard, Circuit Judge,
Baldock* and Stahl, Senior Circuit Judges.

Keith L. Flicker with whom Robert N. Dengler, Michelle
P. Cavalieri and Flicker, Garelick & Associates, LLP were on
brief for appellants.

Giancarlo Font Garcia with whom Rivera-Carrasquillo,
Martinez & Font were on brief for appellees.

January 26, 2007

---

*    Of the Tenth Circuit Court of Appeals, sitting by
designation.

**BALDOCK**, **Senior Circuit Judge**. The principal issue in this appeal is whether the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. §§ 901-950, provides a covered employer and its insurance carrier with a statutory right to seek damages against an injured employee's attorneys for legal malpractice in pursuing the employee's claims against a responsible third party. We hold the LHWCA provides no such right.

                                   I.

Edgar O. Colón was an employee of Plaintiff ITT Federal Services Corp. (ITT), stationed at a United States naval installation in Puerto Rico. He was injured when a Navy pilot errantly dropped two bombs near the control tower where Colón was working as a target control specialist. Colón suffered serious injuries. As a result, Colón, through his attorneys, Defendants Harry Anduze Montaño and Noelma Colón Cordovés, filed an administrative compensation claim against ITT and its insurance carrier's claim administrator. ITT's insurance carrier is Plaintiff Pacific Employers Insurance Co. (PEI). Colón sought benefits under the Defense Base Act, 42 U.S.C. §§ 1651-1654, which by its terms incorporates the LHWCA. See id. § 1651. Colón eventually settled his compensation claim with ITT and PEI in exchange for a total benefit package exceeding $305,000.

Prior to the aforementioned settlement, Defendant Attorneys also filed suit in federal district court on Colón's behalf under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2401(b), 2671-80.  The complaint, which sought $12 million in damages, named the United States Department of the Navy and ITT as defendants.  The district court dismissed the tort claims against the Navy because the FTCA precludes suits against "military departments."  See id. §§ 2671, 2679(a).  Rather, the United States is the only proper party defendant to a FTCA suit.  See id. §§ 1346(b), 2674, 2679.  The district dismissed the pendent tort claims against ITT because the LHWCA provided Colón an exclusive remedy (as against his employer) for his injuries  See 33 U.S.C. § 905(a).  In the meantime, Colón had settled his administrative claim with ITT and PEI.  Presumably satisfied with his settlement, Colón did not seek to amend his complaint to name the United States as a party defendant or to appeal the district court's judgment.  That judgment became final after the FTCA's two year statute of limitations had expired.  See 28 U.S.C. § 2401(b).

## II.

Over $305,000 in the hole, Plaintiffs ITT and PEI subsequently filed the present suit alleging they had a statutory right under the LHWCA to seek damages against

Defendants for legal malpractice in pursuing Colón's FTCA

action against the Government.[1]  Relying on our decision in

<u>Moores</u> v. <u>Greenberg</u>, 834 F.2d 1105 (1st Cir. 1987), the

---

[1]    Plaintiffs further alleged Defendants breached a
legal duty owed to them under Puerto Rico law in pursuing
Colón's FTCA action against the United States.  We, like the
district court, reject any suggestion that Defendants owed
Plaintiffs such a duty under the circumstances of this case.
The general rule is that an attorney owes a duty of care to
a client.  <u>See</u> <u>One Nat'l Bank</u> v. <u>Antonellis</u>, 80 F.3d 606,
609 (1st Cir. 1996).  Obviously, Plaintiffs do not fit
within the general rule because they are not, nor have they
ever been to our knowledge, clients of Defendants.  Instead,
Plaintiffs reference the foreseeable reliance exception to
the general rule as the basis of Defendants' duty to them.
<u>See</u> <u>id</u>. (applying Massachusetts law).  Under the exception,
a duty to a nonclient *may* arise if an attorney should
reasonably foresee that the nonclient will rely upon the
attorney's rendering of legal services to the client.  <u>See</u>
<u>id</u>.  Assuming Puerto Rico law encompasses such exception,
however, no independent duty to a nonclient arises if such
duty "would *potentially* conflict with the duty the attorney
owes to his or her client."  <u>Id</u>. (internal quotations
omitted)(emphasis added).  In granting summary judgment to
Defendants on Plaintiffs' commonwealth claim, the district
court ably noted two sources of likely conflict between
Plaintiffs and Colón which foreclosed application of the
foreseeable reliance exception.  In the administrative
action, Plaintiffs were adversaries of Colón.  Defendants
had a duty to Colón to seek compensation from Plaintiffs ITT
and PEI.  In the FTCA action, filed while the administrative
action was still pending, Colón named ITT (plus an unknown
insurance company) as a defendant.  This again placed
Defendants' client in a position adverse to Plaintiffs.
Lastly, we note that under Plaintiffs' theory of the case,
an employee's instruction to his attorney to discontinue
pursuing an action against a third party tortfeasor would
necessarily place that attorney in a quandary if the
attorney owed a concurrent duty to the *nonclient* employer
and its insurance company to continue pursuing the action
simply because the latter had met its legal obligation to
pay worker compensation benefits.

district court dismissed Plaintiffs' claim pursuant to Fed. R. Civ. P. 12(b)(6), and Plaintiffs appealed.  Our review is de novo.  See Isla Nena Air Serv., Inc. v. Cessna Aircraft Co., 449 F.3d 85, 87 (1st Cir. 2006).

A.

Subsection 933(b) of the LHWCA, as amended, provides a limited right of subrogation to the employer where its employee recovers under the LHWCA for injuries proximately caused by a third person:

> Acceptance of compensation under an award in a compensation order filed by a deputy commissioner, an administrative law judge, or the [Benefits Review] Board shall operate as an assignment to the employer of all rights of the person entitled to compensation to recover damages against such third person unless such person shall commence an action against such third person within six months after such acceptance.

33 U.S.C. § 933(b).  If the employee commences an action against the third person as provided in the LHWCA, a corresponding judicially created lien attaches in favor of

-5-

the employer for benefits paid up to the amount of the employee's recovery. See Edmonds v. Compagnie Generale Transatlantique, 443 U.S. 256, 269-70 (1979); Hartford Accident & Indem. Co. v. Oceancarrier Shipholding, 799 F.2d 1093, 1095-96 (5th Cir. 1986). If the employee does not institute suit within the six month period, the employer then has ninety days to institute its own suit against the third person. 33 U.S.C. § 933(b). If the ninety days elapses without the employer having filed suit, the right of action against the third person reverts to the employee. Id. Where an employer's insurance carrier has paid the compensation due under the LHWCA, the Act subrogates the employer's rights to the carrier. Id. § 933(h).

B.

According to Plaintiffs, § 933(b) creates a "subrogation lien" in their favor on any legal malpractice claim Colón might have against Defendants.[2] Unfortunately for Plaintiffs, neither § 933's narrow language nor our precedent construing it supports their position.[3] Section

---

[2] Plaintiffs in reality claim a right of subrogation, which they inartfully label a "subrogation lien," to any cause of action Colón might have against Defendants. Plaintiffs' purported lien remains inchoate because no proceeds exist to which it may attach.

[3] As a requisite to § 933(b)'s application, we assume that Colón's settlement with Plaintiffs for compensation benefits resulted in an "order filed by the deputy

933 is entitled "Compensation for injuries where third persons are liable." The LHWCA defines the term "injury" as an "accidental injury. . . arising out of and in the course of employment . . . ." Id. § 902(2); see also id. § 902 (22) ("The singular includes the plural . . . ."). Subsection (a) of § 933 speaks of third person liability "on account of a disability . . . for which compensation is payable under this chapter . . . ." Id. § 933(a). Subsection (b) provides under specified circumstances "an assignment to the employer of all rights of the person entitled to compensation to recover damages against such third person . . . ." Id. § 933(b).

The only "injury" § 933 addresses is the harm Colón sustained in "the course of employment" – that is, the harm caused by the Navy pilot's errant bombing of Colón's position in the control tower. The third person liability § 933 addresses is the liability of the person or entity causing the disability "for which compensation is payable" under the LHWCA – that is, the liability of the United States under the FTCA for the Navy pilot's negligence. Simply put, the injury, if any, for which Colón's attorneys, Defendants, are responsible in no sense occurred in the

commissioner, an administrative law judge, or the Board". The record is silent on this matter and neither party raises the point.

course of Colón's employment. Nor in any sense did Defendants' purported misfeasance entitle Colón to compensation under the LHWCA. Thus, § 933(b)'s limited assignment of rights to an employer does *not* encompass Plaintiffs' present claim against Defendants.

The result we reach is consistent with First Circuit precedent. Albeit in a factually different context, we reasoned in Moores, 834 F.2d at 1113, that a maritime employer's compensation lien for benefits paid an employee under the LHWCA "died of natural causes when the supposedly culpable third parties . . . were exonerated" in a third party action. Id. In upholding an instruction directing the jury to reduce any malpractice award by the amount of compensation benefits paid the employee (an instruction designed to prevent double recovery), we rejected the argument that the employee might "take a double dip from his exchequer" because, according to the employee, such lien would attach to the proceeds of the employee's award against his former attorney. Id. We explained that a physical injury arising in the course of a covered worker's employment "is separate and distinct" from a legal injury arising out of an attorney's misfeasance in pursuing a third party tortfeasor responsible for such injury. Id. Consistent with § 933(b)'s narrow language, we concluded the

employer's right to reimbursement for compensation paid extends only to damages recovered for the injury sustained in the course of employment – "and no further." Id.

To be sure, two recognized purposes of § 933 are to protect employers who incur absolute liability under the LHWCA and to place ultimate responsibility upon the tortfeasor whose negligence directly resulted in such liability. See Louviere v. Shell Oil Co., 509 F.2d 278, 283 (5th Cir. 1975) (Wisdom, J.).[4] That our decision might ostensibly frustrate these purposes, however, is insufficient reason to ignore the language of § 933 and our prior precedent. Prior to the dismissal of Colón's FTCA suit, to which Plaintiff ITT was a party, ITT could have sought to protect its interests in a number of ways. Among the alternatives available under the rules of procedure, Plaintiffs could have (1) filed a third party complaint against the United States, (2) filed a cross complaint against the Navy and then moved to substitute the United

---

[4] Section 933 also reflects a policy of avoiding double recovery. See Ingalls Shipbuilding, Inc. v. Director, Office of Workers' Comp. Programs, 519 U.S. 248, 261 (1997). The possibility of double recovery in this case, however, appears remote. Colón has forfeited his right under the FTCA to pursue damages against the United States and, to our knowledge, has not sought to recoup his loss through a malpractice action against Defendants. Thus, § 933's policy against double recovery remain inviolate.

States as the proper defendant, or (3) asked the court to join the United States as a defendant and realign the parties to reflect their real interests.  At the same time, to protect its interest, Plaintiff PEI could have sought to intervene in Colón's suit and accompany ITT in its pursuit of the United States.  That Plaintiffs chose not to protect their interests in one or more of these ways but instead chose to sue Colón's attorneys does not provide us license to reach the result they desire.[5]

AFFIRMED.

---

[5] We also note that Plaintiffs may have had other rights of recoupment apart from § 933. See Louviere, 509 F.2d 278, 282-84 (holding § 933 does not preempt nonstatutory rights of action an employer may have for compensation payments made to an employee).